**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30122 |
| Plaintiff-Appellee, | D.C. No.<br>2:19-cr-00093-JLR-1 |
| v. | |
| DWAYNE BROOKS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted January 23, 2023
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Dwayne Brooks (Brooks) appeals his conviction and sentence after a jury

convicted him of four counts of bank fraud and two counts of attempted bank fraud

in violation of 18 U.S.C. §§ 1344 and 2, two counts of access-device fraud in

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violation of 18 U.S.C. § 1029(a)(2), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "We review the district court's evidentiary rulings for an abuse of discretion. . . ." *United States v. Obendorf*, 894 F.3d 1094, 1098 (9th Cir. 2018) (citation omitted). We "review de novo whether a jury instruction misstated an element of a statutory crime." *Id*. (citation omitted). If the defendant failed to raise a constructive amendment or variance issue before the district court, we review for plain error. *See United States. v. Ward,* 747 F.3d 1184, 1188 (9th Cir. 2014)*.* "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. . . ." *United States v. Bautista*, 989 F.3d 698, 701-02 (9th Cir. 2021) (citation and internal quotation marks omitted). Plain error affects substantial rights if there is "a reasonable probability" that the outcome would have been different. *Id.* at 702. "We review a district court's construction and interpretation of the Guidelines de novo . . ." *United States v. Simon*, 858 F.3d 1289, 1293 (9th Cir. 2017) (en banc) (citation and alteration omitted). We review a district court's findings regarding relevant conduct for clear error. *See United States v. Daychild*, 357 F.3d 1082, 1103 (9th Cir. 2004). "A finding is clearly erroneous if it is illogical, implausible, or without support in the record." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th

Cir. 2020) (citation omitted).

**1.**     The district court did not abuse its discretion when admitting the credit union dispute log as a business record. *See ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 425-26 (9th Cir. 2018). Alaska USA Federal Credit Union employees created the log "at or near" the time of each entry. The log was made in the ordinary course of Alaska USA's business, and was established as trustworthy. *See S.E.C. v. Jasper*, 678 F.3d 1116, 1122-24 (9th Cir. 2012). Neither did admission of the dispute log violate the Confrontation Clause. This business record had an administrative purpose and was not testimonial. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).

**2.**     Under plain error review, the evidence at trial and jury instruction for Count 3 (attempted bank fraud) did not constructively amend the indictment. *See United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). A constructive amendment to the indictment occurs when the indictment charged the defendant with one crime, and the defendant is tried for a different crime. *See id*. Whether the financial institution was insured by the Federal Deposit Insurance Corporation or by the National Credit Union Administration was not an element of the charged offense. *See* 18 U.S.C. § 20 (1)-(2) (financial institution defined); *see also* 18 U.S.C. § 1344(2) (bank fraud defined). Because Brooks was not tried for a

different crime than the one with which he was charged, there was no constructive amendment of the indictment, and no plain error occurred. *See Pang*, 362 F.3d at 1194; *see also United States v. Singh*, 995 F.3d 1069, 1079 (9th Cir. 2021).

A variance exists when "the indictment and the proof involve . . . a . . . materially different[] set of facts." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002). Because the facts in the indictment (federally insured by the FDIC) and proof at trial (federally insured by the NCUA) were not "materially different," there was no variance and no plain error. *See id*.

3. Under plain error review, the evidence and jury instruction did not constructively amend Count 7 (using unauthorized access devices, "to wit: Discover credit cards"). The evidence presented and the jury instructions permitted the jury to find Brooks guilty of violating 18 U.S.C. § 1029(2) as charged. *See Pang*, 362 F.3d at 1194; *see also Singh*, 995 F.3d at 1079. The government conceded that there was a variance in proof due to the admission of evidence involving additional credit cards. However, the variance did not affect Brooks' substantial rights because there was no material difference between the indictment and the evidence presented. *See Adamson*, 291 F.3d at 615.

4. Under our precedent, the instruction defining intent to defraud as "an intent to deceive or cheat" was erroneous. *See United States v. Saini,* 23 F.4th

4

1155, 1160 (9th Cir. 2022) (explaining that the statute required intent to "deceive *and* cheat") (emphasis in the original). However, the evidence overwhelmingly established Brooks' intent to "deceive *and* cheat." *Id*. Accordingly, the error did not affect Brooks' substantial rights. *See id*. at 1165-66.

5. The district court did not clearly err at sentencing by declining to consider the vehicle theft and eluding police state charges as relevant conduct. *See United States v. Marler*, 527 F.3d 874, 879 (9th Cir. 2008). These were entirely different crimes resulting from different "discrete, identifiable illegal acts." *Id*. (alteration omitted).

6. "[T]he cumulative effect of multiple errors may prejudice a defendant even if no single error in isolation is sufficient to establish prejudice. . . ." *Williams v. Filson*, 908 F.3d 546, 570 (9th Cir. 2018) (citation omitted). However, there are no multiple errors in this case and thus no cumulative error. *See id*.

**AFFIRMED.**